UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:14-CV-P555-H

**KEENAN ELLIOTT**                                                                 **PLAINTIFF**

**v.**

**COMMONWEALTH OF KENTUCKY et al.**                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Keenan Elliott, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff, who is incarcerated in the Kentucky State Reformatory, names as Defendants the Commonwealth of Kentucky, the Honorable Judge Steve Wilson, Prosecutor Amy Milliken, and Attorney Michael Bratcher, Plaintiff's former attorney. In his complaint, Plaintiff states that he is asking the Court to enter a default judgment and a summary judgment against all Defendants in a state-court case, *Keenan Elliott v. William Elliot*, 09-CI-0213. He complains that this state-court case is taking too long. He states, "I [] feel that whats the sue of wasting tax payers money, and what funds I scrape up. When I can't get the proper help from the courts or my ex attorney. As you view I have to fight him (Michael Bratcher[)] over his malpractice . . . I have many times asked the courts of Warren County to give me counsel or even transport me to all court hearings All Denied." (Emphasis in original.) He asks this Court to grant him a change of venue on any and all cases dealing with Warren County, Kentucky, because he was sentenced "by these same people, this is a big personal conflict. Mr. Wilson sentenced mo it but

I'm in jail but the ones that come against me are free." Plaintiff asks this Court to:

> Grant me parole on the rest of my sentence[.] I have 3 yrs left on a 13 yr sentence, this is to get my affairs taken care of. And to move on with my life, this Warren County Court has nothing but hindered my life. Justice has not been fair out of this Court of Jail in Warren County Kentucky. I do feel its prejudice, not by color but deliberate indifference, me (Keenan Elliott) serving time for theft by unlawful taking, sentenced by Hon. Judge Mr. Steve Wilson, and no one that has come against me for thousand of dollars, not in jail or prison, and also the Prosecutors Office have my federal claims at hand. Big, conflict.

As relief, he requests monetary and punitive damages and to "be released ASAP." He attaches a docket sheet from case number 09-CI-0213 in the Warren Circuit Court, showing that Defendant Wilson is the judge in that case.

After filing his complaint, Plaintiff filed a motion to amend (DN 5). His motion is **GRANTED.**[1] That document asks the Court to add as Defendants Corey Smith Bell, a federal prisoner, and William Ray, Jr., William Elliott's son. The amended complaint asks that these new Defendants each be held liable "for knowing and selling and receiving of my property and add the max penalty of jail time allowed."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis

---

[1] A plaintiff may amend his pleading once as a matter of course within 21 days of service, and service has not occurred in this case. *See* Fed. R. Civ. P. 15(a)(1).

2

either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Claim against Commonwealth of Kentucky*

The Court lacks subject matter jurisdiction over Plaintiff's claims against the Commonwealth of Kentucky, including the named state actors in their official capacities, *see Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008), for damages by operation of the Eleventh Amendment to the U.S. Constitution. That amendment specifically prohibits federal courts from entertaining suits brought directly against the states. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." (internal quotation marks and citation omitted)); *Daleure v. Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000).

Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment in such a way as to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). The Sixth Circuit has opined that "[a] state is sovereign within

3

the structure of the federal system, and 'it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.'" *Id.* (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)).

Because Plaintiff's claims against the Commonwealth of Kentucky and the state actors in their official capacities for damages, *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (§ 1983 suit against state employees in their official capacities for damages fail to state a claim), are barred by the Eleventh Amendment, the Court will dismiss those claims under Fed. R. Civ. P. 12(h)(3).

*Claims against Judge Wilson*

Section 1983 of Title 42 of the U.S. Code provides a civil remedy to individuals who suffer injury from the deprivation of a federal right by a person acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). However, a judge performing judicial functions is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity is available even if the judge acts maliciously, corruptly, or in bad faith. *Id.* at 11. A judge will not be immune from suit where: 1) the judge acts in a non-judicial capacity; or 2) the judge acts in the complete absence of all jurisdiction. *Id.* at 11-12. However, a judge acts in the complete absence of all jurisdiction only if a matter was clearly outside the court's subject matter jurisdiction. *King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985).

Because Plaintiff essentially complains only about conduct that comprises the very core of Judge Wilson's official duties, the Court concludes that absolute judicial immunity bars the claims for monetary damages against Judge Wilson. *See Mireles*, 502 U.S. at 9.

4

To the extent that Plaintiff seeks equitable relief against Judge Wilson, § 1983 does not allow it except in certain cases. Section 1983 provides in pertinent part that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiff does not allege and nothing in the complaints suggests that a declaratory decree was violated or that declaratory relief was unavailable. Therefore, Plaintiff's claims against Judge Wilson will be dismissed. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006).

*Claim against Prosecutor Milliken*

The Supreme Court has held that a prosecutor enjoys absolute immunity from § 1983 liability when acting "as an advocate" by engaging in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Moore v. Valder*, 65 F.3d 189, 192 (D.C. Cir. 1995). Describing the conduct protected by immunity, the Court opined that advocatory conduct includes "initiating a prosecution" and "presenting the State's case." *Imbler v. Pachtman*, 424 U.S. at 431. Advocatory conduct is clearly protected by absolute immunity. *Lomaz v. Hennosy*, 151 F.3d 493 (6th Cir. 1998). Plaintiff's claim against the prosecuting attorney is barred by absolute prosecutorial immunity. *See Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997) ("A prosecutor's decision to file a criminal complaint and seek an arrest warrant and the presentation of these materials to a judicial officer fall squarely within the aegis of absolute prosecutorial immunity."). The prosecuting attorney is, therefore, entitled to absolute immunity in the instant action.

*Claim against former attorney*

It is unclear whether Defendant Bratcher formerly represented Plaintiff in a criminal case, a civil case, or both. In either event, Defendant Bratcher is not a person acting under state law such that a § 1983 claim can be brought against him. It is firmly established that defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983"). Thus, Plaintiff has failed to state a claim under § 1983 against Defendant Bratcher for representing him as defense counsel in a criminal case.

If Plaintiff is suing Defendant Bratcher regarding representation of Plaintiff in a non-criminal matter, Defendant Bratcher was acting solely as a private citizen, *see Otworth*, 61 F. App'x at 166 ("As private attorneys representing private citizens, they were not acting under color of state law."), and Plaintiff has failed to state a § 1983 claim.

*Claim against Defendants Bell and Ray*

Plaintiff's motion to amend identifies Defendant Bell as a federal prisoner and Defendant Ray as William Elliott's son. These Defendants clearly are not state actors, and Plaintiff fails to state a § 1983 claim against either of them for that reason. Moreover, Plaintiff's request that these Defendants be given jail time is not cognizable. "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). The Court does not have the power to direct that criminal charges be filed against Defendants Bell and Ray. *Peek v.*

*Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972).

*Claims relating to fact and/or duration conviction and sentence*

Plaintiff's claims implicating the fact and/or duration of his confinement must be brought as claims for habeas corpus relief under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). Therefore, dismissal of these claims is appropriate. *See King v. Moyes*, No. 2:10-cv-234, 2010 WL 4705269, at *2 (W.D. Mich. Nov. 12, 2010); *see also Barnes v. Lewis*, No. 93-5698, 1993 WL 515483 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement).

*Claims for damages related to state-court conviction and sentence*

Plaintiff's claims for monetary and punitive damages related to his state-court conviction and sentence are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

7

proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

*State-law claims*

Because the Court has dismissed the federal-law claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c). Therefore, Plaintiff's state-law claims will be dismissed without prejudice by separate Order.

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claims.

Date:


cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.009